IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRATTON CURTIS ODELL,

    **Plaintiff,**

v.                                                        CASE NO. 25-3008-JWL

FORD COUNTY SHERIFF'S
DEPARTMENT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Gratton Curtis Odell brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in forma pauperis and is housed at Lansing Correctional Facility in Lansing, Kansas. As the sole Count in this matter, Plaintiff alleges that Defendants Bryan Stammer, Matthew Bolmer, and Stephen M. Ligon, all of whom are officers of Defendant Ford County Sheriff's Department (FCSD), used unconstitutional excessive force on him during his arrest in January 2023 by tasing him 23 times.

On January 16, 2025, the Court entered a Memorandum and Order (M&O) finding that the proper processing of Plaintiff's claims could not be achieved without additional information, and directing FCSD officials to prepare and file a *Martinez* Report. (Doc. 4 (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991)).) The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 4, p. 7.) FCSD officials filed the *Martinez* Report (Doc. 10), hereinafter referred to as "the Report," and on March 27, 2025, the Court entered another M&O granting Plaintiff time in which to respond to the Report and to show good cause why his claims

1

should not be dismissed for the reasons set forth therein. Plaintiff has responded and the time in which he could submit additional responses has now expired.

Plaintiff's factual allegations are set forth in detail in the M&O issued by this Court on March 27, 2025. (Doc. 13, p. 2-3.) In summary, Plaintiff claims that Defendants used excessive force when arresting him in January 2023. After reviewing the information provided in and attached to the Report, including the body camera videos submitted as exhibits to the Report, the Court concluded that the videos blatantly contradicted Plaintiff's allegation that he was tased 23 times during his arrest. *Id.* at 7. Thus, under *Blake v. Wallace*, 2024 WL 5087805, *2 (10th Cir. Dec. 12, 2024) (unpublished), the Court disregarded that factual allegation. (Doc. 13, p. 7.)

In his responses, Plaintiff seeks to present evidence that supports his allegation that he was tased 23 times during his arrest. (Doc. 23, p. 1; Doc. 24, p. 1; Doc. 25, p. 1.) Due to his incarceration, Plaintiff has experienced logistical difficulties in filing the photographs and documents he states will support his claim of having been tased 23 times. *See id.* But even assuming that Plaintiff was in fact tased 23 times, the sole count in this matter remains subject to dismissal.

Plaintiff pled no contest in state court to felony aggravated domestic battery; felony aggravated escape; felony interference with law enforcement for "'unlawfully and knowingly obstruct[ing], resist[ing] or oppos[ing] . . . Deputy Marquez'"; and misdemeanor battery on a law enforcement officer for kicking Defendant Ligon. (Doc. 10-12.) As the Court has twice explained to Plaintiff:

> If Plaintiff's claim in this case would necessarily imply the invalidity of one or more of his convictions, the claim may be barred by *Heck. See Heck v. Humphrey*, 512 U.S. 477 (1994).

2

> In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:
>
>> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
> *Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

(Doc. 13, p. 8 (quoting Doc. 4).)

Prior to the Report being filed, the Court noted that Plaintiff's excessive force claim might not be barred by *Heck*, but that it depended on the facts surrounding his arrest. (*See* Doc. 13, p. 8-9 (quoting Doc. 4, p. 6-7).)

In this case, Plaintiff alleges that Defendants used excessive force when they arrested him—specifically, during the initial efforts to handcuff him. After the Report was filed and the Court considered the information therein alongside Plaintiff's factual allegations, the Court returned to the *Heck* question. As it explained in the March 27, 2025 M&O, finding "Defendant Bolmer's repeated but brief uses of the taser . . . during that struggle was unconstitutional would necessarily implicate the validity of Plaintiff's convictions of interference with law enforcement and misdemeanor battery on a law enforcement officer. Thus, Plaintiff's claim is subject to dismissal." (Doc. 13, p. 9.)

In that M&O, the Court granted Plaintiff time in which to show good cause why his claims should not be dismissed under *Heck*. *Id*. Although Plaintiff has responded to the M&O, his responses—even liberally construed—do not address the *Heck* bar identified in the M&O as a basis for dismissal of his claims in this matter. (*See* Docs. 23-25 (all seeking to submit evidence

showing he was tased 23 times and challenging the factual allegations made in the Report).) Plaintiff has provided no reason for this Court to reconsider its conclusion, as set forth in the March 27, 2025, that his claims in this matter are barred by *Heck*. Accordingly, Plaintiff's complaint must be dismissed because it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim on which relief can be granted because all claims asserted in this matter are barred by *Heck v. Humphrey*.

**IT IS SO ORDERED**.

Dated June 2, 2025, in Kansas City, Kansas.

>     **S/ John W. Lungstrum**
>     **JOHN W. LUNGSTRUM**
>     **UNITED STATES DISTRICT JUDGE**