**FILED**
**U.S. District Court**
**District of Kansas**
05/08/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

GRATTON CURTIS ODELL,

                            **Plaintiff,**

         v.                                                          **CASE NO. 25-3008-JWL**

FORD COUNTY SHERIFF'S
DEPARTMENT, et al.,

                            **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff and state prisoner Gratton Curtis Odell filed this pro se civil action pursuant to 42 U.S.C. § 1983 in January 2025. (Doc. 1.) It comes now before the Court after the United States Court of Appeals for the Tenth Circuit reversed this Court's dismissal of the complaint during the screening phase and remanded for further proceedings. (Doc. 34.) The Court has re-screened Plaintiff's complaint in light of the Tenth Circuit's order and judgment and concludes that Defendant Ford County Sheriff's Department is subject to dismissal, as is Plaintiff's apparent request for reversal of state criminal conviction or convictions. The Court therefore will grant Plaintiff time to show cause, in writing, why these portions of the complaint identified below should not be dismissed before the Court orders service on the remaining defendants.

**I.    The Complaint (Doc. 1)**

Plaintiff alleges in the complaint that in January 2023, he and his girlfriend were having problems. (Doc. 1, p. 2.) On the morning of January 28, 2023, while Plaintiff was walking to work, Officer Morris Jones of the Ford County Sherrif's Department ("FCSD") stopped him based on Plaintiff's girlfriend's report of domestic violence. *Id.* at 4. While Plaintiff and Officer Jones were talking, additional FCSD officers arrived in response to the call:  Defendants Bryan Stammer,

1

Matthew Bolmer, and Stephen M. Ligon. *Id.* The three newly arrived officers "took control of the conversation" and "were all asking [questions] and talking at the same time." *Id.* at 4-5.

Plaintiff alleges that he attempted to explain the circumstances that led to his girlfriend contacting police that morning and the night before, but the officers "tried to tell [him] what happened and what [he] did and that [he] had hurt" his girlfriend. *Id.* at 6. Plaintiff told the officers that he may have shoved his girlfriend and that he had broken a phone he had given her as a gift. *Id.* At that point, officers told Plaintiff he was under arrest. *Id.* Plaintiff told the officers to go talk to his girlfriend again. *Id.*

Plaintiff alleges that the officers then began to manhandle him and one of them tackled him, after which they tased Plaintiff. *Id.* Plaintiff believes Officers Stammer and Bolmer were most involved, but he alleges that Officer Ligon's wife later apologized for her husband's involvement as well. *Id.* Plaintiff was tased 23 times in his right leg and right arm and was taken to jail. *Id.* at 6-7. He did not receive medical attention, despite feeling chest pain and shortness of breath while being transported, and he showed his injuries to another inmate once at the jail. *Id.* at 7. After Plaintiff posted bond and was released, he went to St. Catherine's Hospital in Dodge City, Kansas, where staff counted 48 marks on his body from the taser. *Id.* Plaintiff also was referred to speak to a counselor in Dodge City who prescribed medication "for the incident" and for post-traumatic stress disorder. *Id.*

As the sole Count in this matter, Plaintiff alleges that tasing him 23 times was an unconstitutional use of excessive force. *Id.* at 4. As relief, Plaintiff seeks "[a]n overturn" and money damages to compensate him for lost wages, being tazed, and the hospital bill. *Id.* at 8.

## II.    Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and

to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the

allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

### III.    Discussion

#### A.   Ford County Sheriff's Department

The Ford County Sheriff's Department is not a suable entity under § 1983. *See e.g. Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity."); *see also Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Faulkner v. Correct Care Sols.*, No. 13-3127-SAC, 2013 WL 5499815, at *4 (D. Kan. Oct. 3, 2013) (finding the Johnson County Sheriff's Department is not a suable entity); *Burnett v. McPherson Cty. Sheriff's Dep't*, No. 07-3038-SAC, 2008 WL 161681, at *3 (D. Kan. Jan. 16, 2008) (McPherson County Sheriff's Department is not a person within the meaning of § 1983 and is not a suable entity); *Williams v. Clay Cty. Police Dep't*, No. 10-CV-2658-EFM, 2011 WL 2294257, at *3 (D. Kan. June 8, 2011), *aff'd* 442 F. App'x 396 (10th Cir. 2011) ("It is well established that under Kansas law, police departments lack the capacity to be sued."); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010) (Sedgwick County Sheriff's Department is not a legal entity amendable to suit). Therefore, the Ford County Sheriff's Department is subject to dismissal from this case.

#### B.   Relief Requested

Part of the relief Plaintiff requests in this case is "[a]n overturn." (Doc. 1, p. 8.) By this language, the Court understands Plaintiff to seek an order reversing or vacating his state court conviction or convictions. Such relief is unavailable in this § 1983 action. A petition for habeas

corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Thus, Plaintiff's request for an "overturn" appears subject to dismissal because it is relief that is not available in this case.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **June 10, 2026**, to show good cause, in writing, why Defendant Ford County Sheriff's Department and Plaintiff's apparent request for reversal of his state court conviction or convictions should not be dismissed for the reasons stated in this order. If Plaintiff agrees that this Defendant and the request for reversal should be dismissed, he should inform the Court in writing. If Plaintiff fails to respond by the deadline, the Ford County Sheriff's Department and Plaintiff's request for reversal will be dismissed without further prior notice to Plaintiff and this case will proceed to service on the remaining Defendants.

**IT IS SO ORDERED.**

DATED:  This 8th day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

5